**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOMAS THIOUASKI LUCIANO,** | : | |
| *a/k/a* **THOMAS J. KURTZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-4295** |
| | : | |
| **THE STATE OF PENNSYLVANIA,** | : | |
| *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.**                                                        **August 4 , 2025**

      Currently before the Court is the Amended Complaint (ECF No. 16) filed by *pro se*
Plaintiff Tomas Thiouaski Luciano.  For the following reasons, the Court will dismiss the
Amended Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

      Luciano commenced this civil action in August 2024, naming as Defendants the State of
Pennsylvania, Donn Perry, Jessica Applegate, Kathleen Ackerman, and Meggan Whealler.  (ECF
No. 1.)  In his Complaint, Luciano stated that he was "currently serving a sentence after having
been married to spouses [sic] from a monetary marriage of sentencing court 34 Main St.
Shennandoah PA  17976."  (*Id*. at 2.)  He purported to challenge "[t]he validity of conviction or

---

[1] Luciano used the form complaint available to unrepresented litigants to assert his claims
in the Amended Complaint (ECF No. 16), and he subsequently filed a handwritten Memorandum
in support (ECF No. 17).  Although Luciano filed the Memorandum two months after he
submitted the Amended Complaint, the Court will consider the arguments contained in that
document in its analysis of Luciano's claims.  The Court adopts the sequential pagination
assigned by the CM/ECF docketing system.  Punctuation and grammar have been corrected
where appropriate.

sentence of marriage of malic [sic] of monetary marriage." (*Id.*)  Luciano did not state what relief he sought.  In a Memorandum and Order entered on January 15, 2025, the Court granted him leave to proceed *in forma pauperis* and dismissed the Complaint for lack of jurisdiction. (*See* ECF Nos. 11 and 12.)  Luciano's Complaint was so vague and ambiguous that it could not provide fair notice of the grounds upon which his alleged claims against the Defendants rested, as required by Rule 8.  (ECF No. 11 at 4.)  The Court further concluded that Luciano had not invoked the jurisdiction of the court either through federal question jurisdiction or via diversity jurisdiction.  (*Id*. at 4-5.)  Luciano was given thirty-days leave to amend his claims.[2]  (*Id*. at 2-3.)

Luciano's Amended Complaint was received by the Court on April 17, 2025.  (ECF No. 16.)  In this filing, Luciano seeks to add Cody Applegate and "Unknown Postal Service Opt" (presumably, an unidentified United States Postal Service employee) as Defendants.  (*Id.* at 2-3.) He claims that he formerly lived with Jessica Applegate, (*see* ECF No. 17 at 2), and that "letters to my wife's house have continued to not get to Jessica Applegate."  (ECF No. 16 at 3.)  Luciano alleges that Cody Applegate has illegally stolen and opened mail since Luciano was incarcerated on November 25, 2017.  (*Id*. at 4-5.)  Luciano allegedly confirmed with the institution where he is presently incarcerated that his mail has been leaving the facility.  (*Id*. at 7.)  For injuries, Luciano recites a loss of $700 for the lost mail and packages.  (*Id*. at 5.)  He requests as relief that his mail be given to Jessica Applegate.  (*Id*.)  Aside from Jessica Applegate, the Amended Complaint does not mention any other Defendant who was named in the original Complaint.

---

[2] The Court's Memorandum and Order and court forms that were sent to Luciano at the address he provided were returned to the Clerk of Court as undelivered.  (*See* ECF No. 13.) Luciano later submitted a change of address to the Clerk, and the documents were mailed to him at the new address, but that mailing was returned, too.  (*See* ECF Nos. 14, 15.)  On April 7, 2025, the Clerk resent the documents using Luciano's alias, "Thomas Kurtz," and Luciano presumably received that mailing: he submitted the Amended Complaint on the Eastern District of Pennsylvania civil complaint form shortly after that.  (*See* ECF No. 16.)

## II.    STANDARD OF REVIEW

Because the Court has granted Luciano *in forma pauperis* status, the Amended Complaint is subject to statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss it if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the amended complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court will also dismiss the action if it determines that it lacks jurisdiction over the matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

As Luciano is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the

complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

### A.  Section 1983 Claims

Liberally construing the Amended Complaint, it appears that Luciano intends to assert constitutional claims pursuant to 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Luciano's Amended Complaint does not correct the flaws identified by the Court in its Memorandum and Order entered in January 2025. Luciano asserts a novel factual scenario in the Amended Complaint that does not appear to relate to the original Complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity."); *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012) (explaining that the submission of an amended

complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff" if he has not realleged them in the amended complaint), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).  Importantly, only one of the Defendants named in the original Complaint, Jessica Applegate, is discussed in the Amended Complaint, which means that the rest of the Defendants cannot be held liable here.  To establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, such that a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).  Because Luciano has not made any allegations against the State of Pennsylvania, Donn Perry, Kathleen Ackerman, and Meggan Whealler in the Amended Complaint, all claims against those Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The same is true with respect to the "unknown" member of the Postal Service he names as a Defendant in the Amended Complaint.  (*See* ECF No. 16 at 3.)  Although he identifies the unknown Postal Service employee as a party on the form, Luciano fails to allege any facts about that person or how they were personally involved in the events giving rise to his claims.  *See Rode*, 845 F.2d at 1207.  Claims against the unknown Postal Service employee will also be dismissed for failure to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the claims against Jessica Applegate and Cody Applegate cannot proceed because they are not state actors.  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).  Nothing in the Amended Complaint or Memorandum of Law suggests any factual or legal basis for concluding that either of those parties are state actors who could be held liable under § 1983.  Luciano

alleges that he sent letters to Jessica Applegate, with whom he allegedly resided, and that Cody

Applegate stole her mail.  (ECF No. 17 at 2; ECF No. 16 at 5.)  Even if true, these acts are not

actionable under § 1983.  "Significantly, [Section] 1983 does not apply to merely private

conduct, no matter how discriminatory or wrongful."  *Grapentine v. Pawtucket Credit Union*,

755 F.3d 29, 31 (1st Cir. 2014) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

50 (1999)) (internal quotations omitted).  The § 1983 claims against Jessica Applegate and Cody

Applegate will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

        **B.**     **State Law Claims**

        Finally, to the extent that Luciano attempts to assert state law claims by his reference to

Pennsylvania and New York statutes in the Memorandum of Law, (*see* ECF No. 17 at 1-2), the

Court lacks jurisdiction over them.  In light of the fact that the Complaint fails to state a plausible

federal claim upon which relief may be granted, the Court declines to exercise supplemental

jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c); *Henglein v. Informal Plan for

Plant Shutdown Benefits for Salaried Emps.*, 974 F.2d 391, 398 (3d Cir. 1992) ("[I]t is well

settled that, after disposal of a federal claim, a district court has discretion to hear, dismiss, or

remand a supplemental claim for which there is no independent basis for federal subject matter

jurisdiction.").  The only independent basis for jurisdiction over any such claims is 28 U.S.C. §

1332(a), which grants a federal district court jurisdiction over a case in which "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

. . . citizens of different States."  Section 1332(a) requires "'complete diversity between all

plaintiffs and all defendants,'" which "means that, unless there is some other basis for

jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben.

Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*,

546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.

2010)).

No diversity jurisdiction exists here. Luciano provides Pennsylvania addresses for the

Applegate Defendants and indicates that he is incarcerated in a New York facility. (ECF No. 16

at 1-2.) However, this does not establish diversity because a prisoner is generally presumed to be

a citizen of the state in which he resided before incarceration. *Robinson v. Temple Univ. Health*

*Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (citations omitted). Luciano admits that he resided

in Pennsylvania prior to being incarcerated. (*See* ECF No. 17 at 2.) Even if complete diversity

of the parties were established, Luciano has only asserted a loss of $700 when his mail and

packages were not delivered to Jessica Applegate. This falls far below the $75,000 amount-in-

controversy threshold to proceed under diversity jurisdiction. 28 U.S.C. § 1332(a).

Accordingly, any state claims will be dismissed for lack of jurisdiction.[3]

## IV.    CONCLUSION

For the foregoing reasons, all federal claims will be dismissed with prejudice pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Any state law claims will be dismissed

without prejudice for lack of subject matter jurisdiction. As Luciano already has been given an

opportunity to cure the defects in his claims and has been unable to do so, the Court concludes

that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp.*

*Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when

---

[3] To the extent that Luciano seeks to initiate state criminal charges against any Defendant, the Court has no authority to order such relief. *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

litigant "already had two chances to tell his story"). A final dismissal order follows, which shall be docketed separately in accordance with Federal Rule of Civil Procedure 58(a).

BY THE COURT:

_____

HON. MIA ROBERTS PEREZ